## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | **Carol A. Doyle** | Case No. | 17 B 09308 |
|---|---|---|---|
| **DATE** | January 25, 2021 | **ADVERSARY NO.** | 19 A 00501 |
| **CASE TITLE** | Ronald R. Peterson, as chapter 7 trustee for Mack v. Pride One Exteriors | | |

### DOCKET ENTRY TEXT

The Defendant's Motion to Dismiss the Amended Complaint is denied.

**[For further details see text below.]**

### STATEMENT

Ronald Peterson filed this amended complaint as the chapter 7 trustee of debtor Mack Industries, Ltd. ("Mack"). He seeks to recover fraudulent transfers made by Mack to defendant Pride One Exteriors ("Pride"). Pride filed a motion to dismiss the amended complaint. It raised a number of arguments, each of which is discussed below.

**STATEMENT**

1. <u>Mack's Interest in Property Transferred</u>

Pride argues that the amended complaint must be dismissed because the trustee has failed to allege that Mack had an interest in the money it transferred. Pride correctly states that § 548 of the Bankruptcy Code permits the trustee to avoid a transfer of "an interest of the debtor in property." 11 U.S. C. § 548(a). It contends that the trustee's allegation that Mack paid Pride from its bank accounts is not sufficient to allege that Mack had an interest in that money. It further contends that the allegations in the complaint demonstrate the opposite - that the money Mack transferred was held in trust or for the benefit of others. Pride goes so far as to say "the trustee admits the funds held by the debtor were held in trust for the benefit of third parties, property owners, other than itself, of numerous properties." Pride points to various allegations that it contends show that Mack managed property for other parties, collected rent for them, and was obligated to pay their creditors. It argues that the money used to pay Pride was not generated by Mack's business but instead was rent money intended to be used to pay the property owners' debts, including their debts owed to Pride.

On a motion to dismiss the court must make reasonable inferences in favor of the plaintiff. *Hanson v. LeVan*, 967 F.3d 584, 592 (7th Cir. 2020). The trustee alleged that Mack paid Pride's invoices from its bank accounts and he attached an exhibit with details of the transfers. It is reasonable to infer that Mack owned the money in Mack's bank accounts that it transferred to Pride. The trustee has not admitted that Mack did not hold an interest in the money transferred or that it held money in trust for anyone. Pride's argument raises many factual issues that cannot be resolved on a motion to dismiss.

2. <u>Rule 9(b)</u>

Pride argues that the trustee has failed to satisfy the heightened pleading requirements of Rule 9(b) for both of his fraudulent transfer claims for two reasons. First, Pride contends that the trustee has not pleaded enough specific details about each transfer to satisfy Rule 9(b) for either fraudulent transfer claim. The court disagrees. The exhibit to the amended complaint provides enough information to comply with Rule 9(b). Exhibit A provides specific information about each transfer, including invoice and check dates and amounts, and the address, PIN and owner of the property at which Pride provided services. These details are sufficient to satisfy Rule 9(b). Further details can be obtained in discovery.

Second, Pride contends that the trustee has failed to allege sufficient facts to support his fraudulent transfer claim based on actual fraud in Count 2. The court has addressed this issue in opinions entered in other adversary proceedings, including *Peterson v. Capital One N.A. (In re Mack Industries, Ltd.)*, No. 19-ap-372, 2020 WL 6708874, at *7 (Bankr. N.D. Ill. Nov. 16, 2020); *Peterson v. Ferguson Enterprises, Inc. (In re Mack Industries, Ltd.)*, No. 19-ap-436, 2020 WL 6589040, at *8 (Bankr. N.D. Ill. Nov. 10, 2020)**.** For the reasons stated in those opinions,

Case 19-00501    Doc 58    Filed 01/25/21    Entered 01/25/21 13:34:10    Desc Main
                           Document      Page 3 of 3

## STATEMENT

the trustee has alleged enough to survive a motion to dismiss for his fraudulent transfer claim based on actual fraud.

3. <u>Constructive Fraud Claim - Reasonably Equivalent Value</u>

Pride argues that the trustee has not sufficiently pleaded the element of reasonably equivalent value for his fraudulent transfer claim based on constructive fraud in Count 1. It contends, among other things, that some allegations in the amended complaint and exhibits are inconsistent with the trustee's contention that Mack did not receive value for the services provided by Pride. Making reasonable inferences in favor of the trustee, the allegations in the amended complaint are sufficient to plead the lack of reasonably equivalent value. Pride also argues that indirect benefits to a related company can provide reasonably equivalent value. This issue raises factual questions that cannot be resolved on a motion to dismiss.

4. <u>Conclusion</u>

Pride has failed to raise a valid basis for dismissing the amended complaint. The motion to dismiss is denied.

Dated:    January 25, 2021

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge